## PAN AMERICAN PETROLEUM CORPORATION v. FEATHERSTONE.
### No. 4655.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

C. A. Barnett, of Ruston, for appellant.

Barksdale, Warren & Barksdale, of Ruston, for appellee.

TALIAFERRO, Judge.

This suit is on open account for price of gasoline sold defendant during the months of December, 1929, and January, February, March, April, and May, 1930. The total of the account for these months was $262.25, on which defendant on May 14 paid $63.26 and on May 22 paid $50 leaving the balance here-in sued for, $148.99. Defendant admits the correctness of the account and his liability therefor, but contends that the purchases charged in and making up the account were not made from plaintiff at all, but from S. S. Pittard and S. S. McKenzie, who operated, at different times, during the time the account was accumulating, a filling station in Ruston, La., and who handled plaintiff's gasoline and other products. He contends that he has at no time been a debtor of plaintiff; and further that, as Pittard and McKenzie were both indebted unto him on open account for bottled goods sold them by him in amounts the aggregate of which equaled the balance of the account sued on, the amount for which he has been sued is paid. His plea in this respect is in effect compensation or set-off between the accounts.

Plaintiff owned or leased the filling station from which defendant purchased the gas for which he is sued. For the months of December, 1929, January, February, and March, 1930, S. S. Pittard, as lessee or agent of plaintiff, operated the station for his own account. He surrendered it on or about April 1st, and S. S. McKenzie took it over and continued the business as it had been conducted while in Pittard's possession. Defendant owns and conducts a bottling company in Ruston, and, in connection with that business, operates trucks in the delivery of his products. A considerable quantity of gas is required to do so.

Prior to December, 1929, defendant purchased gas from Pittard and sold him bottle goods for resale at his station, and periodically they would balance accounts by set-off, or otherwise, but, beginning December 1st, a different system was instituted by plaintiff, and those persons handling its products were required to conform to it. The financial responsibility of all customers, or prospective customers, was investigated by plaintiff, and, if found satisfactory, the station operators were authorized to sell them on credit, making up a "Charge Sale Ticket" of each purchase, to be signed by the customer. Thereafter, as the station operators purchased gas or oil from plaintiff's local distributor, these tickets were accepted by him as cash on the price of the oil and gas delivered. This method of business between them continued from day to day, and as often as delivery of gas and oil was made, dependent, of course, upon the volume of sales. When the tickets were delivered to the distributor, the station operator saw them no more, had no further control over or interest in them. They were

sent to plaintiff's office in New Orleans, and the amounts shown thereon charged in an account against the purchaser. Defendant's financial responsibility was satisfactory to plaintiff. He was extended credit and under the new system all of the account for which he is sued originated. He knew what the details of the new system were and benefited therefrom, in that he was given a discount on the price of gas to which customers not on a commercial basis were not entitled. It was explained to him when put in effect. He accepted it expressly and by receiving its benefits to him. Each charge sale ticket he signed contained these printed words "Delivered for account of Pan-American Petroleum Corporation." This should have impressed him with the knowledge, if he did not already know it, that the gas was delivered to him for the account of plaintiff, and the monthly statements of account received by him from plaintiff should have confirmed this. From December 1st to May 13th defendant made no payment on the account. During this long period he was no doubt being notified by plaintiff of the condition of the account with entreaties for payments. It so happens that, after crediting the account with the two payments made in May, the accounts he claims against Pittard and McKenzie are exactly (lacking only a few cents) the same as the balance due on plaintiff's account; and it is also a fact that he continued to sell his goods to McKenzie through May, June, and July, whereas he virtually quit trading with him, according to the account sued on, the last of April; only two small purchases having been made in May. Pittard virtually denies that he owed defendant any amount on account. McKenzie was not used as a witness. It was admitted, however, that he would give the same testimony as was given by Pittard.

In view of the facts being as we have found them to be, we are of the opinion that, even had the account due by defendant and those due to him by Pittard and McKenzie existed simultaneously, compensation would not have taken place. However, even though it be conceded that the two accounts were by their nature compensable, compensation did not take place because it is not shown definitely the amount of credit sales tickets in the possession of Pittard and McKenzie for any time or period while defendant was selling them his goods. There can be no compensation unless the debts exist simultaneously. Civ. Code, art. 2208. It is obvious that these tickets remained in the hands of Pittard and McKenzie for only brief intervals. They were continuously exchanging them for gas and oil for sale in the station; and, as stated before, defendant continued to sell to McKenzie nearly three months after he quit buying from McKenzie. Surely in the early part of this period all of defendant's tickets passed into the hands of plaintiff, making it impossible for the rules of set-off to apply as between defendant and McKenzie, after May 1st, even though there should be no other good reason for inapplicability thereof.

For the reasons assigned, we are of the opinion that defendant owes the amount of the account for which he is sued, and the judgment appealed from is affirmed, with costs.